### CALDWELL *v.* BODINE.

*(Supreme Court, General Term, Fifth Department.* March, 1892.)

**1.** TROVER AND CONVERSION—WHO MAY MAINTAIN.

Plaintiff's husband, being under arrest on a body execution issued on a judgment in favor of defendant, in negotiating a settlement of the claim against him executed certain notes, which he sent, together with a chattel mortgage given to secure them, to plaintiff, with a request that she add her name to the notes, and execute the mortgage, and return the papers to him, so that he might use them to obtain his release. Plaintiff signed the papers as requested, and returned them to her husband; whereupon he delivered them to defendant's attorney, in consideration of which the execution was discharged and the judgment satisfied. *Held,* that plaintiff, not being the owner of the securities or entitled to their possession, could not sue for the conversion thereof.

**2.** NONSUIT—FAILURE TO SPECIFY GROUNDS OF MOTION.

Error in granting a nonsuit cannot be predicated on a failure to specify the grounds of the motion, where plaintiff's case was so radically defective that it could not have been remedied by further proof.

Appeal from circuit court, Cayuga county.

Action by Frank R. Caldwell against J. Martin Bodine. From a judgment for defendant entered on a nonsuit, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.
*James Wright*, for appellant.    *A. J. Parker*, for respondent.

DWIGHT, P. J.   The plaintiff's proofs, if they did not establish, were sufficient to indicate, that she had an undoubted cause of action, viz., to be relieved against four promissory notes, signed by her with her husband, and payable to the order of the defendant, and a chattel mortgage executed by her as collateral to the notes, on the ground that her execution of the several instruments mentioned was procured by duress of the unlawful imprisonment of her husband on a body execution.   The evidence tends to show a very gross case of false imprisonment, based upon the falsification of a transcript of a judgment of a justice of the peace.   The fault of the plaintiff's case was in her choice of a remedy.   This action was brought for the conversion of the securities above described, except that in the complaint the notes are described as signed or executed by the plaintiff alone.   To establish this cause of action, it was necessary that the plaintiff should prove that she was the owner of the notes and chattel mortgage, and that they were either unlawfully taken or unlawfully detained from her possession, and such was the allegation of her complaint.   The proofs showed that the plaintiff's husband, being in arrest on a body execution issued on a judgment in favor of the defendant, negotiated a settlement of the claim against him, and to that end executed the four notes in question, and sent them, with the draft of the chattel mortgage, to the plaintiff, with the request, in substance, that she add her name to the notes, and execute the chattel mortgage, and return the papers to him, in order that he might use them to obtain his release from the arrest; that the plaintiff did as requested, and returned the papers to him; and that he delivered them to the attorney or agent of the defendant; and that thereupon, and in consideration of such delivery, the execution was discharged, and the judgment against him was satisfied.   It is very clear that, under these circumstances, the plaintiff was never the owner of the securities in question, in such sense as to entitle her to maintain trover for their conversion. . The notes were the notes of her husband, and the mortgage was collateral security thereto.   The former were signed by the plaintiff, as surety for her husband, and the mortgage executed by her for his benefit, and all were employed by him for the purpose for which they were made, and he has paid his own debt thereby.   The transaction as to him may have been voidable, but it was not void, and he would be entitled to a surrender or cancellation of the securities only in equity, and upon making such restitution as equity might require.   So, too, the plaintiff, upon the facts which the evidence in this case tends to establish, might undoubtedly maintain an action in equity to set aside or cancel the securities in question as to herself; but it is equally clear that her action of trover must fail.

The objection that the grounds of the motion for a nonsuit were not specified cannot avail the plaintiff.   The defect of the plaintiff's case was radical, and could not have been remedied by any further proof.   The cases cited on this point by counsel for the appellant are mostly to the effect that the party whose motion for a nonsuit has been denied cannot avail himself of an exception to that ruling when he has omitted to specify the grounds of his motion. The nonsuit was manifestly not granted on the ground of variance between the notes as described in the complaint and those offered in evidence, and, if there was error in the ruling which excluded them, it was not to the prejudice of the plaintiff.   She has had the full benefit of the evidence afforded by the notes, as if they had been formally received in evidence.   Most of the other objections to rulings during the trial were obviated by the disposition made of the case.   The nonsuit seems to us to have been properly granted, and the judgment and order appealed from must be affirmed.   All concur.